UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEPHEN C. HANF,
      Petitioner,

vs.                             Case No.:  4:20cv330/TKW/EMT

MARK S. INCH,
      Respondent.
_____/

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Stephen C. Hanf (Hanf) commenced this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1).  Respondent (the State) filed a motion to dismiss the petition as untimely (ECF No. 12).  Hanf responded in opposition to the motion to dismiss (ECF No. 14).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B)–(C) and Fed. R. Civ. P. 72(b).  After careful consideration of the issues presented by the parties, and the state court record, it is the opinion of the undersigned that the pleadings and attachments before the court show that Hanf's habeas petition should be dismissed as untimely.

I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background are established by the state court record submitted with the State's motion to dismiss (*see* ECF Nos. 12-1 through 12-10).[1]  On January 30, 2014, a jury in the Circuit Court in and for Leon County, Florida, Case No. 2012-CF-4129, found Hanf guilty of lewd or lascivious molestation (ECF No. 12-1 at 79 (verdict), 12-3 at 41 through 12-4 at 96 (transcript of jury trial)).  On February 18, 2014, the trial court sentenced Hanf, as a Sexual Predator and Dangerous Sexual Felony Offender, to life in prison with a 25-year mandatory minimum (ECF No. 12-1 at 83–91 (judgment)).

Hanf appealed the judgment and sentence to the Florida First District Court of Appeal ("First DCA"), Case No. 1D14-1158, (ECF No. 12-4 at 126 through 12-5 at 10 (Hanf's initial brief); ECF No. 12-5 at 12–54 (the State's answer brief); ECF No. 12-5 at 56–69 (Hanf's reply brief)).  On December 18, 2015, the First DCA affirmed the judgment and sentence (ECF No. 12-5 at 71–92 (decision)).  *Hanf v. State*, 182 So. 3d 704 (Fla. 1st DCA 2015).  Hanf filed a motion to invoke jurisdiction in the Florida Supreme Court, Case No. SC16-175 (ECF No. 12-5 at 104–05 (notice invoking Florida Supreme Court jurisdiction)).  After reviewing

---

[1] The court refers to the document numbers and page numbers automatically assigned by the court's electronic filing system.

jurisdictional briefs, the Florida Supreme Court declined jurisdiction (ECF No. 12-6 at 57 (order)). *Hanf v. State*, No. SC16-175, 2016 WL 3186580, at *1 (Fla. 2016). Hanf then filed a Petition for Writ of Certiorari in the United States Supreme Court, Case No. 16-6397 (ECF No. 12-6 at 59–75 (petition for certiorari)). The State filed a brief in opposition (ECF No. 12-7 at 67–98 (brief in opposition)). The Supreme Court denied certiorari on April 17, 2017 (ECF No. 12-8 at 6 (order)). *Hanf v. Florida*, 137 S. Ct. 1578 (2017) (Mem).

On March 30, 2018, Hanf filed a pro se motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (ECF No. 12-8 at 10–35 (Rule 3.850 motion)). Hanf was represented by Attorney David W. Collins (12-8 at 41 (notice of appearance)). The circuit court held an evidentiary hearing (ECF No. 12-9 at 21–56 (transcript of evidentiary hearing)) and subsequently denied the Rule 3.850 motion (ECF No. 12-8 at 45–50 (order)). Hanf, represented by Attorney David J. Busch, appealed the decision to the First DCA, Case No. 1D19-2352 (ECF No. 12-10 at 142–64 (initial brief), ECF No. 12-10 at 166–84). The First DCA affirmed the lower court's decision on February 19, 2020 (ECF No. 12-10 at 187–88 (decision)). *Hanf v. State*, 290 So. 3d 894 (Fla. 1st DCA 2020) (Table). The mandate issued March 12, 2020 (ECF No. 12-10 at 190 (mandate)).

Hanf filed his § 2254 petition on June 19, 2020 (ECF No. 1 at 1, 27).

## II.    DISCUSSION

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period.  *See* 28 U.S.C. § 2244(d)(2).

The State contends the appropriate statutory trigger for the federal limitations period in Hanf's case is the finality date of the judgment, pursuant to § 2244(d)(1)(A)

(*see* ECF No. 12 at 4–5).   Hanf agrees that the finality date of his judgment and sentence is the appropriate statutory trigger (*see* ECF No. 1 at 31–32).  The parties agree that Hanf's conviction became final on April 17, 2017, the day the United States Supreme Court denied his petition for writ of certiorari, and the parties agree that the one-year federal limitations period commenced the next day, on April 18, 2017 (*see* ECF No. 12 at 5; ECF No. 1 at 32).[2]

The parties also agree that the federal limitations period ran untolled until Hanf filed his Rule 3.850 motion on March 30, 2018 (*see* ECF No. 12 at 6; ECF No. 1 at 32).  This was **346 days** of untolled time.  Hanf contends his Rule 3.850 motion was pending, for purposes of section 2244(d)(2), until June 11, 2020, which was ninety days after issuance of the First DCA's mandate in the post-conviction appeal (*see* ECF No. 14 at 6).  However, Hanf cites no authority for his position, and under Eleventh Circuit precedent, the federal limitations period was tolled only until March 12, 2020, upon issuance of the First DCA's mandate in the post-conviction appeal. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000).

---

[2] Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included."  Fed. R. Civ. P. 6(a); *see also Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

The federal limitations period commenced the next day, on March 13, 2020, and expired **19 days** later, on April 1, 2020 (**346 days + 19 days = 365 days**).

Hanf contends he is entitled to equitable tolling of the limitations period for the period March 11, 2020 to June 19, 2020, the date he filed his § 2254 petition (*see* ECF No. 14 at 6). Hanf alleges he began preparing his § 2254 petition in "early March of 2020" (ECF No. 1 at 29). He alleges on March 11, 2020, the FDOC suspended in-person visitation at FDOC institutions in response to the coronavirus (COVID-19) (*see* ECF No. 1 at 29–30; ECF No. 14 at 1–3, 6). Hanf alleges on April 3, 2020, the FDOC imposed additional restrictions, including limited access to the institutional law libraries (*id.*). Hanf submitted a statement from T. Hatcher, the Law Library Supervisor at Northwest Florida Reception Center (NWFRC), where Hanf has been housed since at least March 4, 2020 (*see* ECF No. 14 at 40 (statement signed by T. Hatcher); *see id.* at 51–53 (motion filed by Hanf in the First DCA on March 4, 2020, indicating he has been housed at NWFRC since at least that date)). The statement from Law Library Supervisor Hatcher states that access to the NWFRC law library is limited to "only court ordered deadlines"; that numerous housing units at NWFRC have been on quarantine; and that inmates under quarantine have limited or no access to the law library (*id.* at 40).

Hanf alleges due to the law library restrictions, he was forced to rely on the research, advice, and assistance of his former counsel, Attorney Busch, who represented him in the state post-conviction appeal (ECF No. 1 at 29–30).  Hanf alleges Attorney Busch sent him "research and support materials," but Hanf did not receive them until June 9, 2020, due to problems with the United States Postal Service (*see* ECF No. 1 at 30; ECF No. 14 at 2).  Hanf alleges he was not able to "meet personally" with Attorney Busch at NWFRC until June 18, 2020 (*see* ECF No. 1 at 30), but in a seemingly contradictory statement Hanf asserts counsel "has not once visited NWFRC during the COVID-19 pandemic period" (*see* ECF No. 14 at 3).  Hanf states that "[d]espite these limitations," he prepared and mailed his pro se § 2254 petition on June 19, 2020 (*id.* at 3).

Hanf contends he has been pursuing his rights diligently, but the restrictions caused by the COVID-19 pandemic prevented him from filing his § 2254 petition within the required time period (ECF No. 14 at 6).  Therefore, he is entitled to equitable tolling for the entire period of March 11, 2020 to June 19, 2020 (*id.*).

The State contends Hanf has not demonstrated he qualifies for equitable tolling (*see* ECF No. 12 at 6–9).  The State contends Hanf does not allege he made any effort to file his § 2254 petition by the filing deadline and thus failed to satisfy the "due diligence" prong of the equitable tolling standard (*id.*).  The State further

argues that Hanf's claim that he was unable to meet with his former counsel until June is unsupported (*id.* at 8–9). The State argues that although the FDOC suspended in-person visitation at Florida prisons on March 11, 2020, it specifically noted that legal visits would not be impacted by the visitation suspension, and that inmates would have access to persons on the outside through mail, phone calls, and video visitation (*see* ECF No. 12 at 8–9; *see also* ECF No. 14 at 8–9 (FDOC press release issued March 11, 2020); *see id.* at 10–11 (FDOC press release issued April 3, 2020)).

Section 2244(d) is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). Equitable tolling is a rare and extraordinary remedy. *See San Martin*, 633 F.3d at 1271. A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks and citation omitted). The diligence required to qualify for equitable tolling is "reasonable diligence, not maximum feasible diligence." *See San Martin*, 633 F.3d at 1267 (internal quotation marks and citation omitted). Further, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See id*.

Hanf has not satisfied the equitable tolling standard. Hanf's § 2254 petition presents two claims (*see* ECF No. 1). The two claims, and the factual bases underlying them, are the following (in their entirety):

> **Ground One**: Petitioner's life sentence without parole constitutes cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution.
>
> Supporting Facts: As noted by Judge Benton (182 So. 3d at 708) viewing the evidence that is most favorable to the State, L.C. testified that after the Petitioner touched her leg, he moved to her "breast area" and touched her t-shirt that covered her "small bra."
>
> **Ground Two**: Defense counsel did not provide Petitioner effective assistance of counsel by presenting a "rumor defense" not recognized by law that served to incriminate me in violation of the Sixth Amendment to the U.S. Constitution.
>
> Supporting Facts: The hearing judge found that Petitioner's counsel presented a rumor defense to the life felony charge. The jury was allowed to infer that non-testifying witnesses had made accusatory statements about the defendant.

(ECF No. 1 at 13–17). Hanf states he presented Ground One to the state court on direct appeal, and Ground Two in his pro se Rule 3.850 motion (*see id.*).

Hanf states he received a copy of the First DCA's decision denying his post-conviction appeal on February 25, 2020 (*see* ECF No. 14 at 51–52 (motion for extension of time filed by Hanf in the First DCA)). Hanf states he began preparing his federal petition shortly thereafter, in "early March of 2020" (*see* ECF No. 1 at

29). According to Hanf's allegations, the only allegedly extraordinary circumstance that existed between early March and April 1, 2020 (Hanf's federal filing deadline) was the FDOC's suspending in-person visitation at FDOC institutions, on March 11, 2020.

According to the FDOC's press release announcing the suspension, the suspension did not apply to "legal visits," and inmates still had access to persons on the outside through the mail, phone calls, and video visitation (*see* ECF No. 14 at 8–9). Hanf alleges he was unable to obtain "research, advice, and assistance" from his former counsel, Attorney Busch, until June of 2020, when he received a package of materials from Busch and met with him personally. However, Hanf does not describe any efforts he made to obtain these materials, advice, or assistance *prior* to expiration of his federal deadline on April 1, 2020. Further, it is apparent from Hanf's § 2254 petition that presenting his two claims did not require research, legal advice, or any other assistance; it simply required Hanf to copy claims and facts from his initial brief in his direct appeal and his Rule 3.850 motion. Hanf does not allege he was unable to access his initial brief or his pro se Rule 3.850 motion prior to April 1, 2020. Simply put, Hanf has not shown that the limitation on visitation (which is the only limitation that occurred prior to April 1) prevented him from filing his § 2254 petition, or at least a "bare bones" version of it, by that date.

Case No.: 4:20cv330/TKW/EMT

Hanf's assertions that the FDOC's restrictions on access to the institutional law library interfered with the preparation of his § 2254 petition do not entitle him to equitable tolling, because according to his own allegations, those restrictions were imposed on April 3, 2020, *after* his federal deadline expired. Likewise, Hanf allegations regarding problems with the mail system, both the institutional system and the USPS system, do not entitle him to tolling, because he does not allege he encountered any specific problem *prior* to his federal filing deadline of April 1, 2020. These circumstances that arose after the federal deadline expired cannot toll it, because there was nothing left to toll.

Hanf has not demonstrated that any of the circumstances he describes prevented him from filing the instant § 2254 petition on or before April 1, 2020. Therefore, he has failed to demonstrate his entitlement to equitable tolling.

III.   CONCLUSION

Hanf did not file his § 2254 petition within the one-year federal limitations period, and he has not shown he is entitled to equitable tolling of the limitations period. Therefore, the State's motion to dismiss should be granted, and Hanf's § 2254 petition dismissed as untimely.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Case No.: 4:20cv330/TKW/EMT

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (ECF No. 12) be **GRANTED**; and the petition for writ of habeas corpus (ECF No. 1) be **DISMISSED with prejudice as untimely**.

2.      That a certificate of appealability be **DENIED**.

3.      That the clerk of court be directed to enter judgment accordingly and close the case.

At Pensacola, Florida, this 12<u>th</u> day of March 2021.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of**

Case No.: 4:20cv330/TKW/EMT

the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.