UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEPHEN C. HANF,
    Petitioner,

vs.                                                   Case No.:  4:20cv330/TKW/EMT

MARK S. INCH,
    Respondent.
_____/

**ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 15) and Petitioner's objections (Doc. 16).  The Court has reviewed the issues raised in the objections de novo.  Based on that review, the Court agrees with the magistrate judge's determinations that (1) Petitioner's §2254 habeas petition is untimely, (2) Petitioner is not entitled to equitable tolling of the limitations period, and (3) a certificate of appealability should be denied.

With respect to timeliness, Petitioner does not challenge—and the Court agrees with—the magistrate judge's calculation of the filing deadline as April 1, 2020, and it is undisputed that the petition was filed after that date.  Thus, the petition was untimely.

With respect to equitable tolling, the Court finds no record support for Petitioner's claim in his objections that COVID-19 restrictions on access to the

prison law library "from [February 26, 2020] until and beyond March 31st" hampered his ability to timely file his petition. *See* Doc. 16, at 2-3. Indeed, as explained by the magistrate judge, the record reflects that the only restrictions in place during the pertinent period (March 12 to April 1, 2020) affected in-person visitations, not access to the prison law library. See Doc. 15, at 6, 10-11.

With respect to a certificate of appealability, Petitioner's argument in his objection focuses only the merits of his claims, not the procedural issues decided by the magistrate judge. *See* Doc. 16, at 6-16. The Court finds that reasonable jurists would not disagree with the magistrate judge's procedural rulings, so the Court need not consider Petitioner's arguments concerning the potential merit of the constitutional claims raised in the petition. *See Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) ("'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' as here, a certificate of appealability should issue only when the prisoner shows **both** 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'") (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (italics in original and bold added).

Accordingly, it is **ORDERED** that:

2

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Respondent's motion to dismiss (Doc. 12) is **GRANTED**; and the untimely petition for writ of habeas corpus (Doc. 1) is **DISMISSED with prejudice**.

3. A certificate of appealability is **DENIED**.

4. The clerk of court is directed to enter judgment in accordance with this order and close the case file.

**DONE and ORDERED** this 5th day of April, 2021.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**